## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT R. ZIEGLER, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-13-13-D |
| UNKNOWN SUCCESSORS OF JENO F. PAULUCCI, et al., | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's motion [Doc. No. 12] for leave to file an Amended Complaint. In the same motion,[1] Plaintiff also asks the Court to enter an order directing officials at James Crabtree Correctional Center, where Plaintiff is incarcerated, to allow withdrawal of funds from his institutional savings account in order to pay costs associated with serving the defendants by certified mail.

Pursuant to Fed. R. Civ. P. 15(a), leave of Court is not required in this instance because no party has filed an answer. Accordingly, Plaintiff may amend "once as a matter of course." Fed. R. Civ. P. 15(a)(1).

However, Plaintiff must file the Amended Complaint separately from his motion. In this regard, the Court notes that, in his motion to amend, Plaintiff has set out in paragraph form the changes to be made to the original Complaint. The Amended Complaint must be filed as a separate document and must include all allegations which Plaintiff asserts against all defendants, including the original allegations which he is not amending as well as any new allegations to be asserted.

---

[1] Plaintiff is reminded that, pursuant to the Court's Local Civil Rules, two motions cannot be combined, as each motion "shall be a separate document." LCvR 7.1(c). Filings not in compliance with the Local Civil Rules are typically stricken by the Court. Although the Court has allowed the single filing on this occasion, Plaintiff is cautioned that future failures to comply with Rule 7.1(c) and all other Local Civil Rules will result in striking the submitted filing.

Plaintiff's Amended Complaint shall be filed no later than 21 days from the date of this Order.

With respect to Plaintiff's request that the Court order officials at James Crabtree Correctional Facility to release funds from his mandatory institutional savings account to pay costs required to serve the defendants by certified mail, that request is GRANTED. As set forth in the March 19, 2013 Order [Doc. No. 5] filed by United States Magistrate Judge Gary M. Purcell in this case, an inmate's savings held by the Department of Corrections may be utilized for payment of cots and fees associated with filing a civil action. *See Williams v. Austin*, 890 P.2d 416, 418 (Okla. Civ. App. 1994). The Oklahoma statutes also authorize withdrawal for such purposes. Okla. Stat. tit. 57, § 549(A)(5).

Accordingly, Plaintiff may provide this Order to the prison officials and request that funds from his savings be used to pay the costs required to perfect service upon the defendants.

IT IS SO ORDERED this 30th day of May, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE