# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT R. ZIEGLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CIV-13-13-D |
| UNKNOWN SUCCESSORS OF JENO F. PAULUCCI, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

On July 31, 2013, Plaintiff filed a motion for summary judgment [Doc. No. 27] on his claims against Defendant Jill Molitor and the unknown successors of Jeno F. Paulucci ("unknown successors"). In the motion, Plaintiff argued that he is entitled to summary judgment because Defendant Molitor was served with summons and the Amended Complaint and failed to timely respond.

Plaintiff's motion is stricken because it fails to comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure and with Local Civil Rule 56.1.[1] Even if the motion complied with those requirements, however, it would be stricken as untimely for several reasons. First, motions for summary judgment seek judgment as a matter of law after the parties have been served and have answered, and Rule 56 requires that the moving party refer to evidentiary material in the record. *See* Fed. R. Civ. P. 56 (c)(1).

Construing Plaintiff's motion most liberally in his favor pursuant to *Haines v. Kerner*, 404

---

[1]Although Plaintiff appears *pro se*, he must "follow the same rules of procedure that govern other litigants." *Shrader v. Biddinger*, 633 F. 3d 1235, 1249 n.9 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

U.S. 519, 520 (1972), it may be construed as seeking a default judgment. Even if that were the case, however, the motion would be stricken for failure to comply with the Federal Rules of Civil Procedure and the Local Civil Rules establishing the procedure for requesting an entry of default prior to seeking a default judgment. Fed. R. Civ. P. 55; LCvR 55.1. It would also be subject to denial because the record reflects that, despite Plaintiff's repeated communications with the Court, service of process has not yet been perfected upon the defendants by means of service. While Plaintiff's correspondence to the Court Clerk reflects his belief that Defendant Molitor is attempting to evade service, the Court cannot make that determination on the record before it.

It appears that Plaintiff should seek issuance of alias summons to again attempt service of process upon the defendants. Although the Court has previously extended the 120-day deadline for perfecting service, it will do so again in order to allow Plaintiff time to secure issuance of alias summons and perfect service as required by the Federal Rules of Civil Procedure. The Court Clerk shall enclose with this Order copies of the necessary forms for Plaintiff to complete and return for the issuance of alias summons. Plaintiff shall have an additional time period of 45 days from the date of this Order in which to perfect service. Because the Court has extended this deadline on two previous occasions, no additional extensions will be authorized in the absence of exceptional circumstances. Plaintiff is cautioned that failure to perfect service by the extended deadline will result in the dismissal of this action without prejudice.

IT IS SO ORDERED this 13th day of November, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE